18-415-cv
*La Vigne et al. v. Costco Wholesale Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

PRESENT:    PETER W. HALL,
            GERARD E. LYNCH,
                    *Circuit Judges*,
            PAUL A. ENGELMAYER,
                    *Judge.**

_____

Mary La Vigne, Kristen Hessler, Kathleen Hogan,

         *Plaintiffs-Appellants*,

         v.                                            No. 18-415-cv

Costco Wholesale Corporation,

         *Defendant-Appellant*.

_____

*Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, Sitting by Designation.

For Appellant:                                  MATTHEW INSLEY-PRUITT (Patricia I. Avery, *on the brief*), Wolf Popper LLP, New York, NY

For Appellee:                                   WILLIAM N. WITHROW, JR. (Lindsey B. Mann, W. Alex Smith, *on the brief*), Troutman Sanders LLP, Atlanta, GA, Richard P. O'Leary, Troutman Sanders LLP, New York, NY

For the United States as *Amicus Curiae*:    Alisa B. Klein, James Y. Xi, Attorneys, Appellate Staff, Joseph H. Hunt, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, Stephen Alexander Vaden, General Counsel, United States Department of Agriculture, Washington, DC, Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants Mary La Vigne, Kristen Hessler, and Kathleen Hogan appeal the district court's dismissal of their putative class action against Costco Wholesale Corporation ("Costco") pursuant to Fed. R. Civ. P. 12(b)(6). Appellants allege that by failing to disclose the percentage of water in the name of its product—Kirkland Signature Premium Chunk Chicken Breast ("Kirkland Canned Chicken")—Costco has engaged in unfair and deceptive commercial practices in violation of New York General Business Law § 349, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, and Massachusetts General Law Chapter 93A. The district court held that Plaintiffs-Appellants' claims concerning the Kirkland

2

Canned Chicken label are preempted by the Poultry Products Inspection Act ("PPIA") and that Plaintiffs-Appellants' remaining allegations failed to state a plausible claim to relief.

"We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2017) (internal quotation marks omitted). This Court may affirm "on any ground which finds support in the record." *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the PPIA's express preemption provision, "[m]arking, labeling, packaging, or ingredient requirements . . . in addition to, or different than, those made under this chapter may not be imposed by any State or Territory or the District of Columbia . . . ." 21 U.S.C. § 467e. Appellants argue that their labeling claims are based on Costco's alleged failure to satisfy a PPIA regulation promulgated by the Food Safety and Inspection Service ("FSIS") in the United States Department of Agriculture ("USDA"), 9 C.F.R. § 381.157, because Kirkland Canned Chicken is comprised of approximately 44% water. That FSIS regulation requires that products containing less than 80 percent but more than 50 percent cooked, deboned poultry meat include the total amount of added liquid in the product name. 9 C.F.R. § 381.157, Table II n.3. Appellants contend that their complaint merely seeks to enforce a federal standard, as opposed to imposing additional or different labeling requirements via state tort law, and that their labeling claims are accordingly not preempted.

3

Table II of the relevant PPIA regulation provides that the percentages of chicken and water upon which Plaintiffs rely "shall be calculated on the basis of the total ingredients *used in the preparation of the product.*" *Id.* § 381.157(b) (emphasis added). The district court found the regulation inapplicable to Plaintiffs' allegations, which complain not of the chicken and water ratios "used in the preparation of the product," but, rather, challenge "the amount of chicken meat and water present in a can of Kirkland Canned Chicken when opened by a consumer." J. App. 58–59. In response to a request from this Court, the United States has submitted an *amicus* brief that addresses, *inter alia*, whether the phrase "used in the preparation of the product" includes the volume of water added during the canning process. The government avers that the district court's analysis was correct, explaining that the phrase "shall be calculated on the basis of the total ingredients used in preparation of the product" "refers to ingredients used to make the portion of the product that is intended to be consumed (such as marinade injected into chicken or broth that may be consumed with the chicken)," *not* "to materials used for packing purposes." Amicus Br. 9–10 (citing the definition in 9 C.F.R. § 301.2). Because packing water is not an ingredient used in product preparation, it is not intended to factor into the Table II percentages and accordingly, the government represents that the Kirkland Canned Chicken label is consistent with the regulation as it applies to canned boned poultry. *Id.* at 10–11.[1]

We hold that the government's interpretation of 9 C.F.R. § 381.157 is entitled to deference pursuant to *Auer v. Robbins*, 519 U.S. 452, 461 (1997). *See Simsbury-Avon Pres. Soc'y, LLC v.*

---

[1] The government also notes that "it is not clear that FSIS composition requirements for canned boned poultry apply to this product," given that the Costco product is labeled as "Premium Chunk CHICKEN BREAST," but the government has nonetheless addressed the regulation's applicability to Kirkland Canned Chicken in light of the parties' mutual assumptions. Amicus Br. 11 n.4.

*Metacon Gun Club, Inc.*, 575 F.3d 199, 207 (2d Cir. 2009) ("In such circumstances we will generally defer to an agency's interpretation of its own regulations, including one presented in an *amicus* brief, so long as the interpretation is not plainly erroneous or inconsistent with law."). In any event, we are persuaded by the arguments in the government's brief that its interpretation is the most reasonable reading of the relevant regulation."[2]   Therefore, the district court did not err in dismissing Plaintiffs' state tort claims to the extent that they are premised on seeking damages for purported PPIA violations.[3]

We also agree with the district court that while Appellants' remaining claims concerning the packaging, unit pricing, can size, and other materials related to Kirkland Canned Chicken are not preempted by the PPIA, they fail to state a claim under each of the applicable consumer protection laws.   Appellants' argument that Costco packs its product "in such large cans that are filled with useless water, conveying the impression that the cans will have a substantial amount of chicken," Appellants' Br. at 26, fails to establish that a reasonable consumer would have been misled by the can size, packaging or unit pricing.   As the district court properly found, the Kirkland Canned Chicken label and packaging accurately disclose: (1) that the chicken is "Packed in Water"; (2) the net weight per can; and (3) the number of total servings of "drained" chicken in

---

[2] Since receiving the government's *amicus* brief, Plaintiffs-Appellants have moved to file a responsive supplemental brief.   We hereby **GRANT** that motion but conclude that the supplemental brief does not change our analysis or the disposition of the appeal.

[3] To the extent Plaintiffs seek to challenge FSIS's determination as "erroneous," *see* Appellants' Br. at 21, they are precluded from doing so in the context of asserting their claims; only the federal government is vested with authority to enforce the PPIA.   *See* 21 U.S.C. § 467c ("All proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States.").

5

each six-pack, *see* J. App. 65–66, 68–69, 72, and therefore do not misrepresent the product's contents or otherwise tend to deceive a reasonable consumer.

We have considered Appellants' remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6